■ PAULINE S. GELFAND et al., Appellants, v. ABRAHAM SCHOEN et al., Respondents.— In an action to recover damages for personal injuries, the notice of appeal states that the appeal is by plaintiffs from a decision denying their motion for summary judgment under rule 113 of the Rules of Civil Practice. The record contains an order of the Supreme Court, Kings County, dated March 11, 1960, denying such motion, and we have treated the appeal as one which seeks a review of the order. Order affirmed, with $10 costs and disbursements. No opinion. Appeal from decision dismissed, without costs. No appeal lies therefrom. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.

■ SUSIE HELD et al., Appellants, v. ANDRE D. SPITZER, Respondent.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Kings County, entered November 13, 1959, which denied their motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ FREDERICK S. HICKS, Individually and as a Stockholder of and for the Benefit of BUSH-HICKS ENTERPRISES, INC., and for All Other Stockholders Similarly Situated, Appellant-Respondent, v. CLINTON G. BUSH, SR., et al., Individually and as Copartners Doing Business under the Name of CLINTON G. BUSH COMPANY, et al., Respondents-Appellants, and BUSH-HICKS ENTERPRISES, INC., et al., Respondents.— In an action for specific performance of a contract of merger of a partnership and various corporations, and for incidental relief, the parties cross-appeal: (1) plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered June 10, 1959, after a trial by the court without a jury, as dismissed the complaint; and (2) defendants other than Michael A. Congero and Brush-Hicks Enterprises, Inc., appeal from so much of said judgment as granted plaintiff's motion to strike out the second and third affirmative defenses in their amended answer and as denied their motion to further amend their answer so as to plead a proposed fourth affirmative defense. Judgment insofar as appealed from affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ SYLVIA S. HOLLAND, Respondent, v. NORMAN N. HOLLAND et al., Defendants, and FROHMAN HOLLAND et al., Appellants.— In an action to recover damages for conspiracy to deprive plaintiff of property rights arising from her marriage to the defendant Norman Holland, the defendants, other than Norman and Judith Holland, appeal from an order of the Supreme Court, Nassau County, dated February 11, 1960, denying their motion to dismiss the complaint for insufficiency. Order affirmed, with $10 costs and disbursements. The complaint is based on a conspiracy to deprive plaintiff of her property rights after her husband's affections already had been alienated. There is no allegation that the moving defendants aided and abetted in that alienation. Therefore, the action is not barred by section 61-a of the Civil Practice Act. (Ruza v. Ruza, 3 A D 2d 739, motion for leave to appeal denied 3 A D 2d 824; Miller v. Miller, 254 App. Div. 586.) The denial by the Florida Supreme Court of plaintiff's petition for leave to file a bill of review of the Florida divorce decree is not an adjudication on the merits that the decree was not procured by fraud. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.